TOWNSHIP OF HELENA, SCOTT COUNTY, v. JOSEPH FROMM.[1]

December 30, 1927.

No. 26,323.

**Order will not be reversed where appellant has consented to it in open court.**
Record indicating appellant consented in open court to entry of the order appealed from, this court is precluded from reversing it.   [Reporter]

Appeal and Error, 3 C. J. p. 666 n. 29.

Defendant appealed from an order of the district court for Scott county, Tifft, J. temporarily restraining him from maintaining a fence along the north side of his farm.   Affirmed.

*F. C. & H. A. Irwin,* for appellant.

*John A. Duffy* appeared for respondent but filed no brief.

PER CURIAM.
Were it not for the fact that the order appealed from contains the recital that it was agreed in open court that Donald Childs, a civil engineer, should rerun the north line along defendant's farm to ascertain whether his fence was within the limits of the highway and report his findings to the court who would thereupon make his order in conformity with the report of said engineer, and that it also embodies the finding of the engineer that the fence encroaches a few feet on the highway, the order could not be justified, for it appears that this fence, the removal of which as an obstruction to the highway is the sole purpose of the suit, was built and has been maintained for almost four years prior thereto without any serious interference with public travel; and there is nothing in the record showing any urgency or justification for a mandatory temporary injunction destroying and removing the fence in advance of the trial of the action on the merits.

The order is made "without prejudice to the rights of defendant to litigate any proper issue upon the trial of said action." This means that if, upon the trial, the north line of defendant's farm, including the two rods thereof which admittedly is a highway, is established so that the fence in controversy is found not to be upon said north two rods, a needless injustice and damage has been inflicted upon defendant by this order.   But, as stated, defendant upon this record appears to have consented to the order, and for that reason we are precluded from reversing it.

The order is affirmed.

[1]Reported in 217 N. W. 114.